WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherman Lyons, Jr., et al., | No. CV-24-01373-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Julio Aldecocea, et al., | |
| Defendants. | |

Pending before the Court is a motion for extension of time (Doc. 7) filed by Defendant Julio Aldecocea and an entity not currently named as a defendant, Lakeview Loan Servicing, LLC ("Lakeview"). The motion asserts that Aldecocea is Lakeview's CEO and that counsel for Aldecocea and Lakeview ("Counsel") conferred with "Plaintiff" (presumably the individual Plaintiff, Sherman Lyons, Jr.), who confirmed that he "meant" for Lakeview "to be a party defendant even though Lakeview is not separately named." (*Id.*) Counsel asked Plaintiff to stipulate to a 30-day extension of the deadline to respond to the complaint, as Counsel "was out of the office last week and part of the week before and needs additional time to prepare and file appropriate motions to address (a) the improper naming of the CEO of Lakeview, (b) lack of personal jurisdiction, (c) lack of service, and (d) failure to state a claim," but Plaintiff "refused to agree to an extension." (*Id.*)

The motion will be granted without further briefing. There is no conceivable argument against permitting Defendants a 30-day extension, as Counsel's time out of the

office and the complexity of the upcoming response adequately justify the extension request, and at any rate, short extensions at this stage of the litigation are routinely sought and granted. Agreeing to reasonable extension requests is a basic civility in litigation. Plaintiff is reminded that "not only must *pro se* litigants follow the same rules of procedure that govern other litigants, but they must also conduct themselves with the same civility, decorum, and professionalism that is expected of attorneys," including "the professional courtesy of agreeing to reasonable requests to extend deadlines." *Martin v. Pizza*, 2022 WL 4000640, *2 (D. Nev. 2022).

Furthermore, it appears that an amended complaint might be necessary to add Lakeview as a defendant. It would be more efficient for the amendment to precede the contemplated motions. As noted in the Court's preliminary order, and in conformity with LRCiv 12.1(c), the Court "requires that: (1) before filing a Rule 12(b)(6) motion to dismiss or a Rule 12(c) motion for judgment, the movant must confer with the opposing party to determine whether such motion can be avoided; and (2) the movant must attach a certificate of conferral, certifying that it notified the opposing party of the issues asserted in its motion and that the parties conferred but were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party." (Doc. 5 at 4.)

As a final matter, Lyons Family Trust lacks the capacity to sue and is not a proper party to this case. Arizona law governs this issue. Fed. R. Civ. P. 17(b)(3) (capacity to sue, for parties other than individuals or corporations, is determined by the law of the state where the court is located, with exceptions not relevant here); *Irwin Union Collateral Inc. v. Peters & Burris, LLC*, 2009 WL 5184902, *3 (D. Ariz. 2009) ("[S]ince the trust is neither an individual nor a corporation, the law governing whether the Sass Trust has the capacity to sue or be sued is governed by Arizona law, the state in which this Court sits.").

In general, a trust "lack[s] the capacity to sue or be sued under Arizona law." *Irwin Union*, 2009 WL 5184902 at *4; *see also* 76 Am. Jur. 2d Trusts § 601 ("At common law, a trust cannot sue or be sued because it is not a juristic person. In most jurisdictions, a trust is not an entity separate from its trustees, and cannot sue or be sued in its own name, and

therefore, the trustee, rather than the trust, is the real party in interest in litigation involving trust property. Because a trust is not a legal entity, and does not have capacity, any suits involving the trust must be brought by or against the trustees."); *Matter of Book*, 2019 WL 2394259, *2 (Ariz. Ct. App. 2019), *review denied* (2019) (unpublished) ("Generally, a common-law trust is not considered a legal entity capable of suing or being sued; therefore, any suit involving the trust must be brought by or against its trustee."). Thus, a common-law trust cannot sue in its own name—such a suit must be brought by its trustee.[1] Thus, Lyons Family Trust must be dropped as a party to this lawsuit and can participate only through a trustee. Fed. R. Civ. P. 21.

Furthermore, the trustee must be represented by counsel. A nonlawyer cannot represent himself to the extent that he appears in his capacity as trustee for a trust. *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 698 (9th Cir. 1987) ("Rule 17(a) authorizes a trustee of an express trust to sue on behalf of the trust, without joining persons 'for whose benefit the action is brought;' the rule does not warrant the conclusion that a nonlawyer can maintain such a suit *in propria persona*. The reciprocal relation between the bar and the bench permits an exception only for a person acting personally.").

Accordingly,

**IT IS ORDERED** that Defendants' motion for extension of time (Doc. 7) is **granted**. The deadline for Defendants to respond to the complaint is extended to July 14, 2024.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **drop** Plaintiff Lyons Family Trust as a party to this action pursuant to Rule 21 of the Federal Rules of Civil Procedure. Any amended complaint filed in this action may not add Lyons Family Trust as a party. The *trustee* of Lyons Family Trust can be added as a plaintiff to this action *only* if the amended complaint is filed by an attorney.

---

[1] There is an exception to the general rule not applicable here. *See, e.g.*, *McLeod v. Deutsche Bank Nat'l Tr. Co.*, 2017 WL 2189498, *3 (Ariz. Ct. App. 2017) (unpublished).

Dated this 18th day of June, 2024.

_____
Dominic W. Lanza
United States District Judge