**TROUTMAN PEPPER**
**HAMILTON SANDERS LLP**
Justin D. Balser, AZ SBN 027850
justin.balser@troutman.com
5 Park Plaza, Suite 1400
Irvine, California 92614
Telephone:  949.622.2700
Facsimile:   949.622.2739

Attorneys for Defendants Julio Aldecocea
and Lakeview Loan Servicing, LLC

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| Sherman Lyons, Jr./ The Lyons Family Trust, | Case No.  2:24-CV-01373-DWL |
|---|---|
| Plaintiff, | **MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| v. | |
| Leonard J. McDonald; Julio Aldecocea c/o Lakeview Loan Servicing, LLC, | |
| Defendants. | |

Defendants Julio Aldecocea ("Aldecocea") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively referred to as the "Lakeview Defendants") move to Dismiss Plaintiff Sherman Lyons' ("Plaintiff") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) as to both Lakeview Defendants, and Fed. R. Civ. P. 12(b)(2) as to Aldecocea.

This Motion is brought pursuant to the following points and authorities, and any oral argument the Court should choose to hear. [1]

---

[1] Although not required under the Local Rules, the Lakeview Defendants conferred with Plaintiff in good faith in early June of 2024, and discussed both removal and this Motion. The Parties were unable to reach an agreement regarding the issues raised herein.

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ............................................................................................................... 1

II. RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS ......................... 1

    A. Procedural Background. ........................................................................................ 1

    B. Factual Background. .............................................................................................. 1

III. REQUEST FOR JUDICIAL NOTICE ..................................................................... 2

IV. LEGAL STANDARD ...................................................................................................... 3

    A. Motion to Dismiss for Failure to State a Claim – Fed. R. Civ. P. 12(b)(6). .. 3

    B. Motion to Dismiss for Failure to State a Claim – Fed. R. Civ. P. 12(b)(2). .. 4

V. ARGUMENT ...................................................................................................................... 5

    A. The Complaint Violates Fed. R. Civ. P. 8. ..................................................... 5

    B. The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6)
    Because Plaintiff Fails to State a Claim for Relief. .......................................... 6

        1. Plaintiff's Complaint lacks any factual support for its legal
        conclusions. .................................................................................................. 6

        2. Plaintiff cannot state claims without designating to which defendant
        each claim pertains. ...................................................................................... 7

            a. None of the claims could plausibly be linked to Julio
            Aldecocea. ......................................................................................... 8

    C. Julio Aldecocea Should Be Dismissed from the Case for Lack of Personal
    Jurisdiction. ........................................................................................................... 8

        1. General jurisdiction does not apply to Aldecocea. ............................... 9

        2. Specific jurisdiction does not exist over Aldecocea. ........................... 9

VI. CONCLUSION .............................................................................................................. 11

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ................................................................................... 3, 5, 6

*Balistreri v. Pacifica Police Dept.*,
901 F.2d 696 (9th Cir. 1990) .............................................................................. 3

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) .......................................................................................... 3, 6

*In re Boon Global Ltd.*,
923 F.3d 643 (9th Cir. 2019) ....................................................................... 10, 11

*Brink v. First Credit Res.*,
57 F.Supp.2d 848 (D.Ariz.1999) ........................................................................ 5

*CE Distrib., LLC v. New Sensor Corp.*,
380 F.3d 1107 (9th Cir. 2004) ........................................................................... 4

*Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*,
972 F.3d 1101 (9th Cir. 2020) ...................................................................... 9, 10

*Cubbage v. Merchent*,
744 F.2d 665 (9th Cir 1984) .............................................................................. 9

*Cummings v. W. Trial Lawyers Assoc.*,
133 F.Supp.2d 1144 (D.Ariz.2001) .................................................................... 4

*Davis v. Metro Productions, Inc.*,
885 F.2d 515 (9th Cir.1989) ........................................................................ 10, 11

*Fireman's Fund Ins. Co. v. Nat. Bank of Coops.*,
103 F.3d 888 (9th Cir. 1996) ............................................................................. 4

*Gates Learjet Corp. v. Jensen*,
743 F.2d 1325 (9th Cir. 1984) ........................................................................... 9

*Graves v. Caliber Home Loan*,
Case No. 3:18-cv-01187, 2019 WL 2488718 (Feb. 7, 2019) ........................... 5

*Helicopteros Nacionales de Colombia v. Hall*,
466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) .............................. 5, 9

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement*,
326 U.S. 310, 66 S. Ct. 154, 90 L. Ed. 95 (1945) .......................................................... 4

*Jaime v. Parts Auth. LLC*,
No. CV-21-00015-PHX-SPL, 2021 WL 3055041 (D. Ariz. July 20,
2021) ................................................................................................................................. 7

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) ......................................................................................... 2

*Lake v. Lake*,
817 F.2d 1416 (9th Cir. 1987) ......................................................................................... 9

*Leon v. Arizona*,
No. CIV 12-556-TUC-CKJ, 2013 WL 2152559 (D. Ariz. May 16, 2013),
*aff'd*, 594 F. App'x 440 (9th Cir. 2015) ........................................................................... 7

*Mack v. S. Bay Beer Distribs.*,
798 F.2d 1279 (9th Cir. 1986), *overruled on other grounds by Astoria
Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991) ............................................. 2

*Moss v. U.S. Secret Service*,
572 F.3d 962 (9th Cir. 2009) ....................................................................................... 3, 6

*Navarro v. Block*,
250 F.3d 729 (9th Cir. 2001) ........................................................................................... 3

*Panavision Int'l, L.P. v. Toeppen*,
141 F.3d 1316 (9th Cir. 1998) ......................................................................................... 4

*Parrino v. FHP, Inc.*,
146 F.3d 699 (9th Cir. 1998), *superseded by statute on other grounds as
recognized in Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676 (9th
Cir. 2006) ......................................................................................................................... 2

*Repwest Ins. Co. v. Praetorian Ins. Co.*,
890 F. Supp. 2d 1168 (D. Ariz. 2012) ............................................................................ 5

*Repwest Ins. Co. v. Praetorian Ins. Co.*,
890 F. Supp. 2d at 1184–87 ............................................................................................ 8

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir.2004) ........................................................................................... 4

*Sher v. Johnson*,
911 F.2d 1357 (9th Cir.1990) ...................................................................................... 4, 9

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MOTION TO DISMISS PLAINTIFF'S COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) ........................................................................................ 3

*Swartz v. KPMG LLP*,
    476 F.3d 756 (9th Cir. 2007) ........................................................................................ 3

*Tauscher v. Donison*,
    No. CV-20-02014-PHX-GMS, 2021 WL 3565738 ...................................................... 7

*Whitaker v. Tesla Motors, Inc.*,
    985 F.3d 1173 (9th Cir. 2021) ...................................................................................... 7

**Statutes**

Fair Credit Reporting Act ...................................................................................................... 1

Fair Debt Collection Practices Act ........................................................................................ 1

Truth in Lending Act ............................................................................................................. 1

**Other Authorities**

Ariz. R. Civ. P. 4(e)(2) .......................................................................................................... 4

Fed. R. Civ. P. 4(k)(1)(A) ..................................................................................................... 4

Fed. R. Civ. P. 8 ............................................................................................................... 5, 6

Fed. R. Civ. P. 12(b)(2) ...................................................................................................... 1, 4

Fed. R. Civ. Proc. 8(a) .......................................................................................................... 6

Federal Rule of Civil Procedure 8(a)(2) ............................................................................... 5

Federal Rule of Evidence 201(b) .......................................................................................... 2

Rule 12(b)(6) ............................................................................................................... 2, 3, 5, 6

U.S. Constitution ................................................................................................................... 4

- iv -

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

## I.    INTRODUCTION

Plaintiff Complaint fails to state a claim upon which relief may be granted. He fails to direct allegations to specific defendants, nor does he identify which defendant took what actions. Instead, Plaintiff offers nothing more than a laundry list of laws, and a few vague references to injuries. The Complaint does not place the Lakeview Defendants on notice of any claim against them, and it should be dismissed for failure to state a claim.

Based on the limited record, and the statements in the Complaint, personal jurisdiction does not exist over Defendant Aldecocea, and he should be dismissed from the above-captioned case pursuant to Fed. R. Civ. P. 12(b)(2).

## II.    RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS

### A.    Procedural Background.

Plaintiff filed his Complaint in the Superior Court of Arizona, Maricopa County, on April 1, 2024.[2] To date, none of the Lakeview Defendants have been served in this case. However, upon information and belief, the Lakeview Defendants were made aware of the case by other defendants in this action. On June 6, 2024, Defendants filed a Notice of Removal in this Court, based on federal question jurisdiction as well as on diversity grounds, to which Defendant did not object. ECF 1.

### B.    Factual Background.

Plaintiff alleges violations of the Fair Credit Reporting Act, Fair Debt Collection Practices Act, and Truth in Lending Act.[3]  Plaintiff does not identify any particular loan at issue in this matter, nor any collateral property. After researching Plaintiff's identity, the Lakeview Defendants have deduced that the Complaint *may* concern the real property,

---

[2] Although the Complaint is labeled as an "Amendment" it appears that this is in error as there is no other prior complaint on the state court's docket. *See* Complaint p. 1.

[3] Plaintiff also includes a laundry list of other "claims" but the Lakeview Defendants were unable to deduce how these pertained to defendants or to Plaintiff or indeed whether some, such as Plaintiff's citations to caselaw constitute a claim. However, if the Court determines that these authorities constitute claims, the Lakeview Defendants request leave to amend this Motion to address the same.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

commonly known as 6301 W. Missouri Avenue, Glendale, Arizona 85301 ("Property"), as well as the deed of trust recorded with the Maricopa County Recorder as Instrument 20200689269 secured to the Property.[4] *See* Complaint at ¶¶ 3 and 6; *see also* Deed of Trust, attached hereto as Exhibit A.

On March 13, 2024, a Notice of Trustee's Sale was recorded against the Property. *See* Notice of Trustee's Sale, attached hereto as Exhibit B.  Upon information and belief, the foreclosure was later cancelled. *See* Good Faith Consultation Certificate, attached hereto as Exhibit C.[5]

## III.   <u>REQUEST FOR JUDICIAL NOTICE</u>

Federal Rule of Evidence 201(b) authorizes judicial notice when "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN,* 393 F.3d 1068, 1076 (9th Cir. 2005). The court may consider extraneous documents without converting a motion to dismiss into a summary judgment motion. *See Mack v. S. Bay Beer Distribs.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *overruled on other grounds by Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991). This prevents "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.,* 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006).

The Lakeview Defendants request that the Court judicially notice Exhibits A and B to this Motion, as these are believed to be central to Plaintiff's claims and publicly recorded documents appropriate for judicial notice.  However, if Plaintiff disputes the authenticity of the documents, or if it is determined that they are not central to Plaintiff's claims, the

---

[4] Again, the Lakeview Defendants request leave to amend this Motion if it is later determined that Plaintiff's FAC pertains to some other loan and/or real property.
[5] The Good Faith Consultation Certificate is attached for the convenience of the Court only, as the document was filed in the prior state court action.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Lakeview Defendants will waive this request, and ask that the Court consider this Motion without the attendant exhibits.

## IV.  LEGAL STANDARD

### A.  Motion to Dismiss for Failure to State a Claim – Fed. R. Civ. P. 12(b)(6).

Courts should dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not show[n]—that the pleader is entitled to relief." *Id*. at 1950. In addition, "[d]ismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*., 901 F.2d 696, 699 (9th Cir. 1990). The complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level . . . ." *Id*.

When ruling on a 12(b)(6) motion to dismiss, the Court may consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). But the Court need not accept unreasonable inferences, or "conclusory, unwarranted deductions of fact" cast in the form of factual allegations. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (internal quotation marks omitted).

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**B.    Motion to Dismiss for Failure to State a Claim – Fed. R. Civ. P. 12(b)(2).**

When a Defendant challenges personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the Plaintiff bears the burden of establishing personal jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir.2004) (citing *Sher v. Johnson,* 911 F.2d 1357, 1361 (9th Cir.1990)). When a defendant moves to dismiss for lack of subject matter jurisdiction, "the plaintiff is 'obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction' " over the defendant. *Cummings v. W. Trial Lawyers Assoc.,* 133 F.Supp.2d 1144, 1151 (D.Ariz.2001) (quoting *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986)). Factual arguments between statements contained in the plaintiff's and defendant's affidavits "must be resolved in the plaintiff's favor." *Schwarzenegger,* 374 F.3d at 800 (citing *AT & T v. Compagnie Bruxelles Lambert,* 94 F.3d 586, 588 (9th Cir.1996)).

A Court many exercise personal jurisdiction over a defendant only if it is proper by the applicable state's long-arm statute, and if the exercise of that jurisdiction does not violate federal due process.  *Fireman's Fund Ins. Co. v. Nat. Bank of Coops.*, 103 F.3d 888, 893 (9th Cir. 1996).   Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.  *See* Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  Notably, the Arizona long-arm statute simply requires compliance with due process requirements of the U.S. Constitution.  *See* Ariz. R. Civ. P. 4(e)(2); *CE Distrib., LLC v. New Sensor Corp.*, 380 F.3d 1107, 1110 (9th Cir. 2004).  The determination of personal jurisdiction over a defendant turns on due process. *See id.* To satisfy due process for a nonresident defendant, the defendant must have "minimum contacts" with the forum State so that assertion of jurisdiction does not offend the "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. State of Wash., Off. of Unemployment Comp. & Placement,* 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. 95 (1945).

Further, "the defendant's 'conduct and connection with the forum State' must be such that the defendant 'should reasonably anticipate being haled into court there.'" *Sher v.*

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 4 -

*Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S. Ct. 559, 567, 62 L. Ed. 2d 490 (1980)).

A defendant has minimum contacts with the forum state when its "minimum contacts" with the forum are "such that the exercise of jurisdiction over the defendant would not offend the Due Process Clause." *Brink v. First Credit Res.,* 57 F.Supp.2d 848, 860 (D.Ariz.1999) (citing *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) (this analysis considers "the relationship among the defendant, the forum, and the litigation"). If a court determines that a defendant's contacts with the forum state are sufficient to satisfy the Due Process Clause, then the court must exercise either "general" or "specific" jurisdiction over the defendant. *See Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d 1168, 1184–87 (D. Ariz. 2012) (citing *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–15 nn. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (internal citations omitted); *Doe,* 112 F.3d at 1050. And it is the nature of the defendant's contacts with the forum state which will determine whether the court exercises general or specific jurisdiction over the defendant. *Helicopteros,* 466 U.S. at 415, 104 S.Ct. 1868.

## V.    **ARGUMENT**

### A.    **The Complaint Violates Fed. R. Civ. P. 8.**

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 12(b)(6), the Court reviews the sufficiency of the complaint to ensure the plaintiff has alleged a plausible claim showing that the pleader is entitled to relief as required by Rule 8.

Although factual allegations must be accepted as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, allegations in the complaint are not accepted as true when rebutted by facts in judicially noticeable public records. *Graves v. Caliber Home Loan*, Case No. 3:18-cv-01187, 2019 WL 2488718, at *3-4 (Feb. 7, 2019) (citing *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 (9th

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

Cir. 2006). The complaint must plead "a claim to relief that is plausible on its face," but the Court need not accept legal conclusions or arguments drawn from the facts. *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inference from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (additional citations and internal quotations omitted).

Here, the Complaint fails to meet the requirements set out by Rule 8 as it does not contain a short and plain statement of any claim showing that Plaintiff is entitled to relief against Defendant. Fed. R. Civ. Proc. 8(a). Instead, as explained in more detail below, the Complaint contains nothing more than a "threadbare recital of the elements of each cause of action. For this reason alone, the Complaint should be dismissed.

**B.     The Complaint Should Be Dismissed Pursuant to Fed. R. Civ. P. 12(b)(6) Because Plaintiff Fails to State a Claim for Relief.**

Plaintiff's Complaint should be dismissed because Plaintiff fails to state a claim for relief under any of the theories listed therein. Although Plaintiff provides a laundry list of claims and injuries, he never provides any factual support that would "permit the Court to infer more than the mere possibility of misconduct." *Ashcroft*, 556 U.S. at 678. In fact, Plaintiff provides no factual allegations to support his conclusory claims, and Plaintiff does not allege which of the allegations pertains to each of the respective defendants.

**1.     Plaintiff's Complaint lacks any factual support for its legal conclusions.**

Plaintiff's claims are deficient because he does not allege facts supporting the conclusions in the Complaint. In the Ninth Circuit, a complaint can only survive a motion to dismiss if it contains "well-pleaded facts, not legal conclusions, that plausibly give rise to an entitlement to relief. The plausibility of a pleading thus derives from its well-pleaded

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021) (internal quotations omitted) (citing *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955; *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937). As such, a pleading cannot be plausible without supporting facts.

Plaintiff provided only legal conclusions without any supporting facts. At most, and in very few instances, Plaintiff alleges legal conclusions as if they were facts. *See, e.g.,* Compl., Ex. C, ¶ 8. But Plaintiff never states when the allegations supposedly took place, nor where or how the defendants violated the rules identified. Plaintiff does not allege to which defendants the allegations pertain or even why any of the defendants are interested parties. Plaintiff does not allege any motive, opportunity or reason for the parties to engage in the implied actions that would support the claims. *See* Compl., p. 2-4, and Exs. A-E.

Simply put, the Complaint puts the defendants on notice that there is some dispute regarding the Loan but does not notify the Lakeview Defendants of any specific wrongful act committed by any defendant in this case. The facts alleged are far short of what is required to nudge the claims across the plausibility threshold, and the Complaint should be dismissed.

### 2. Plaintiff cannot state claims without designating to which defendant each claim pertains.

Plaintiff never specifies *which* defendant supposedly committed the alleged acts or breaches. *See* Compl., ¶¶ 5-10; *see also* Ex. A. Arizona courts hold a plaintiff fails to state a claim when "it 'assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against.'" *Jaime v. Parts Auth. LLC*, No. CV-21-00015-PHX-SPL, 2021 WL 3055041, at *7 (D. Ariz. July 20, 2021) (citing *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2020 WL 4732145, at *9 (D. Ariz. Aug. 14, 2020) (citing *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015))); *see also Tauscher v. Donison*, No. CV-20-02014-PHX-GMS, 2021 WL 3565738, at *2 (D. Ariz. Aug. 12, 2021; *Leon v. Arizona*, No. CIV 12-556-TUC-CKJ, 2013 WL 2152559, at

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*2 (D. Ariz. May 16, 2013), *aff'd*, 594 F. App'x 440 (9th Cir. 2015) (additional citations omitted).

Here, none of the allegations specifies a defendant. Since the Complaint identifies between eight and ten defendants (depending upon how the Court interprets Exhibit A to the Complaint) the Complaint is impermissibly vague. Plaintiff fails to state a claim against any defendant and the Complaint should be dismissed.

> a.      *None of the claims could plausibly be linked to Julio Aldecocea.*

Plaintiff alleges Julio Aldecocea is the President of Lakeview.  Compl., Ex. A, ¶ 1. However, nowhere does Plaintiff allege facts indicating Aldecocea, as the alleged "President" of Lakeview, would have been personally involved with the Loan or would even have been aware of its existence.  The allegations give the Court no reason to infer Aldecocea could plausibly have been personally involved with any of the claims in the Complaint.  Aldecocea should be dismissed.[6]

## C.      **Julio Aldecocea Should Be Dismissed from the Case for Lack of Personal Jurisdiction.**

Plaintiff's Complaint should be dismissed as to Aldecocea because Plaintiff cannot establish Aldecocea had required minimum contacts with Arizona to satisfy the requirements of due process.  Due process is established by determining whether a court has either general or specific jurisdiction over a defendant.  *See* generally, *Repwest Ins. Co. v. Praetorian Ins. Co.*, 890 F. Supp. 2d at 1184–87 (citing *Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414–15 nn. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984) (additional citations omitted).    There is no allegation Aldecocea has had any contact whatsoever with Arizona, let alone sufficient contacts to establish general or specific jurisdiction over him.

---

[6] The only reasonable inference that can be drawn regarding Aldecocea, based on the allegations in the Complaint, is that Plaintiff added Aldecocea to the Complaint for the improper purpose of harassment because he is a publicly listed officer of Lakeview.

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

### 1.    General jurisdiction does not apply to Aldecocea.

General jurisdiction occurs where a defendant's contacts are considered "substantial" and "continuous and systematic." *Helicopteros,* 466 U.S. at 416. The Court must decide whether the "contacts constitute sufficient activity in Arizona to conclude that the defendants may in fact be said already to be present there." *Gates Learjet Corp. v. Jensen*, 743 F.2d 1325, 1331 (9th Cir. 1984) (citation and quotation marks omitted).

Aldecocea cannot be said to be "already be present" in Arizona. Plaintiff has offered no allegations or evidence suggesting that Aldecocea resides in Arizona or has ever spent any amount of time in Arizona. Since Aldecocea challenges general jurisdiction, the burden shifts to Plaintiff to establish that general jurisdiction applies.

### 2.    Specific jurisdiction does not exist over Aldecocea.

When specific jurisdiction is asserted, a three-part test applies. *Cubbage v. Merchent*, 744 F.2d 665, 668 (9th Cir 1984). First, the nonresident defendant must have purposefully directed its activities or consummated some transaction with the forum or a resident of the forum; or the defendant must have performed some act which purposefully avails the defendant of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws. *See Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). "Second, the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* "Third, the exercise of jurisdiction must comport with fair play and substantial justice–said another way, it must be reasonable." *Id.* The plaintiff bears the burden of satisfying the first two parts of the test. *Sher*, 911 F.2d at 1361. If the plaintiff fails to satisfy these inquiries into Defendant's conduct, personal jurisdiction is not established in the forum state. If the plaintiff satisfies both of the first two parts of the test, the burden shifts to the defendant to "present a compelling case" jurisdiction over the defendant would not be reasonable. *Burger King Corp.*, 471 U.S. at 477–78.

Finally, controlling Ninth Circuit precedent holds the mere fact a defendant corporation has minimum contacts with a jurisdiction does not automatically confer personal jurisdiction over employees or officers of the corporation. *See Commodities*

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

*Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.,* 972 F.3d 1101, 1109–10 (9th Cir. 2020). In *Commodities Trading*, the Ninth Circuit explained:

> We do not impute a corporation's forum contacts to each of the corporation's employees. Instead, we assess whether each individual had minimum contacts with the forum such that the exercise of jurisdiction over that individual would comport with traditional notions of fair play and substantial justice.

*Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.,* 972 F.3d 1101, 1109–10 (9th Cir. 2020) (citing *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482 (1984)). The Ninth Circuit then cited two scenarios from prior decisions that illustrate whether a corporation's individual officers have minimum contacts with the forum. First, the Ninth Circuit pointed to *Davis v. Metro Productions, Inc.,* 885 F.2d 515, 522–23 (9th Cir.1989), as an example of when minimum contacts are satisfied against the officers of a defendant company. In *Davis*, the subject officers attended meetings with clients in Arizona, and each executed *six* contracts with residents of Arizona. *See Id.* There, minimum contacts were understandably present since the officers traveled to Arizona, solicited business there and then executed multiple contracts with residents within the forum. The Ninth Circuit then contrasted its holding in *Davis* with its decision in *In re Boon Global Ltd.*, 923 F.3d 643 (9th Cir. 2019), where it held "that signing a single contract with a forum resident on behalf of a corporation would not subject a corporate officer to personal jurisdiction in a claim for breach of that contract." Accordingly, the minimum contact for specific jurisdiction over an officer of a defendant corporation lies somewhere between these two scenarios.

Here, specific jurisdiction does not exist over Aldecocea because he has not purposefully directed his activities nor completed a transaction within Arizona. Aldecocea's contacts with Arizona are far less than the contacts in either *Davis* or *Boon Global*. Unlike in *Davis*, there is no indication that Aldecocea ever traveled to Arizona to solicit Plaintiff, ever met Plaintiff or communicated with Plaintiff in Arizona. Aldecocea's contacts with Arizona are even less than those in *Boon Global*, since Aldecocea never signed a single contract with *anyone* in Arizona. Since Aldecocea's contacts with Arizona are substantially

MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

less than the officers' contacts in both *Davis* and *Boon Global*, specific jurisdiction cannot possibly apply to Aldecocea in this case.

Neither specific jurisdiction nor general jurisdiction apply, and Aldecocea should be dismissed for lack of personal jurisdiction.

## VI. **CONCLUSION**

Since Plaintiff has failed to state any claim for relief against the Lakeview Defendants, the Claims against them in the Complaint should be dismissed. And, since personal jurisdiction does not exist over Aldecocea in this case, he should be dismissed from the case. Accordingly, the Lakeview Defendants respectfully request that the Court dismiss Plaintiff's Complaint and grant the Lakeview Defendants such other and further relief as this Court deems appropriate and just.

Respectfully submitted on July 22, 2024.

TROUTMAN SANDERS
HAMILTON PEPPER LLP

By: */s/ Justin D. Balser*
Justin D. Balser

Attorneys for Defendants Julio Aldecocea
and Lakeview Loan Servicing, LLC

TROUTMAN PEPPER HAMILTON SANDERS LLP
5 PARK PLAZA
SUITE 1400
IRVINE, CA 92614-2545

- 11 -

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2024, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants. A copy of the same was served via regular mail on the following:

Sherman Lyons Jr.                    *Pro Se Plaintiff*
406301 West Missouri Avenue
Glendale, Arizona 85301

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed on **July 22, 2024.**

*/s/ Carla Llarena*
Carla D. Llarena

- 12 -