Leonard J. McDonald (SBN 014228)
Michael F. Bosco (SBN 033957)

**TB** **TIFFANY & BOSCO**
P.A.

7720 N. 16th Street, Suite 300
Phoenix, AZ 85020
TELEPHONE: (602) 255-6000
FACSIMILE:   (602) 255-0103
EMAIL: LJM@tblaw.com; MFB@tblaw.com
*Defendant*
24-04195

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Sherman Lyons Jr., | Case No. 2:24-CV-01373-KML |
| Plaintiff, | **DEFENDANTS LEONARD J. MCDONALD AND TIFFANY & BOSCO, P.A.'S MOTION TO DISMISS** |
| v. |  |
| Lakeview Loan Servicing LLC, *et al.*, |  |
| Defendants. |  |

Defendants Tiffany & Bosco, P.A. (the "Firm"), specially appearing, and Leonard J. McDonald (individually, "Trustee" and collectively, the "Bosco Defendants"), by and through counsel undersigned, hereby submit their *Motion to Dismiss* (the "Motion") pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure ("FRCP"). The Motion is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      Background.

Plaintiff filed the above captioned action on April 1, 2024. Trustee was served on May 8, 2024.  The Firm has not been served, and is therefore specially appearing.  The Complaint is confusing and difficult to follow, especially as it relates to the Bosco Defendants who are improperly named.  Aside from being mentioned in Exhibit A to the Complaint, the Bosco Defendants are not even mentioned in the Complaint.  It does not

appear that any of the claims, causes of action, or factual allegations are even directed at the Bosco Defendants.

It appears that the Bosco Defendants are being named in the Complaint solely in Trustee's, who is an attorney at the Firm, role as trustee of the subject deed of trust.  As Arizona law makes clear, the Bosco Defendants have been improperly named in the Complaint and the Complaint should be dismissed *with prejudice*.  It should be noted that Plaintiff appears to confuse Trustee as the beneficiary, which is incorrect.

## II.    Legal Standard.

Dismissal of a complaint is proper where, given the facts alleged, the plaintiff should be denied relief as a matter of law. *See Logan v, Forever Living Products Intern, Inc.*, 203 Ariz. 191, 193, 52 P.3d 760, 762 (Ariz. 2002). When adjudicating a Rule 12(b)(6) motion, Arizona courts look to the complaint and consider only the well-pled factual allegations contained in the complaint. *See Cullen v. Auto-Owners Ins. Co.*, 189 P.3d 344, 346 (Ariz. 2008). In order to survive a 12(b)(6) motion, a plaintiff's complaint requires more than labels and conclusions; a mere formulaic recitation of the elements of a cause of action is not sufficient. *See Dube v. Likins*, 216 Ariz. 406, 167 P.3d 93 (Ariz. Ct. App. 2008). Furthermore, a wholly conclusory statement of a claim cannot survive simply because the pleadings leave open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery. *See id*. Simply put, Plaintiff has not alleged facts, even if taken as true, sufficient to support a claim for relief against the Bosco Defendants.

## III.    Legal Argument.

**B.    The Bosco Defendants are entitled to immediate dismissal and an award of attorneys' fees and costs pursuant to A.R.S. § 33-807(E).**

Arizona law provides broad protection to trustees, permitting absolute reliance on the direction or information provided to them by the beneficiary.  *See* A.R.S. § 33-820(A).  The Ninth Circuit aptly described this protection:

> The only breach that the plaintiffs allege against Tiffany & Bosco is that it failed to recognize that its appointment was invalid. According to the plaintiffs, the appointment was invalid because MERS is a sham beneficiary and lacks power to "appoint" a trustee. However, a trustee such as Tiffany & Bosco has the "absolute right" under Arizona law "to rely upon any written direction or information furnished to him by the beneficiary." Ariz. Rev. Stat. § 33-820(A). Thus, Tiffany & Bosco did not have an obligation to consider whether its presumptively legal appointment as trustee, which was recorded in the country records, was invalid based on the original designation of MERS as a beneficiary.

*Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (applying A.R.S. § 33-820(A) and § 33-807(E) to the foreclosure trustee and his law firm).

Moreover, Plaintiff does not allege facts that support the notion that Trustee failed to comply with any of the obligations set forth in Arizona's deed of trust statutes or in the deed of trust itself. Therefore, A.R.S. § 33-807(E) applies and requires the immediate dismissal of Trustee and an award of fees and costs in favor of Trustee. Under A.R.S. § 33-807(E):

> The trustee need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust . . . . **If the trustee is joined as a party in any other action, the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee**.

A.R.S. § 33-807(E) (emphasis added); *see also, e.g., Puzz v. Chase Home Finance, LLC*, 763 F. Supp. 2d 1116, 1124 (applying A.R.S. § 33-807(E) to Tiffany & Bosco, the foreclosure trustee, and various other lawyers at Tiffany & Bosco and their spouses). This required immediate dismissal is not contingent on the trustee proving the legitimacy of his appointment through discovery or a process akin to summary judgment. If it were, the required dismissal would not be "immediate" and the language calling for "immediate dismissal" would be a nullity. Arizona's rules of statutory construction do not permit this result. *See Mejak v. Granvilled*, 212 Ariz. 555, 557, 136 P.2d 874, 876 (2006) (holding

that statutes are not to be interpreted in a way that renders them "meaningless, insignificant, or void").

Here, Plaintiff does not allege that Trustee breached any of its obligations under the deed of trust or deed of trust statutes. Moreover, Plaintiff fails to make any allegations against the Bosco Defendants. Therefore, the Bosco Defendants are entitled to immediate dismissal and an award of attorneys' fees and costs pursuant to A.R.S. § 33-807(E).

**IV.    Conclusion**

For the foregoing reasons, the Bosco Defendants respectfully request that the Court dismiss the Complaint *with prejudice* and award the Bosco Defendants their attorneys' fees and costs pursuant to A.R.S. § 33-807(E).

RESPECTFULLY SUBMITTED this 13th  day of September, 2024.

**TB TIFFANY & BOSCO**
P.A.

By: */s/ Leonard J. McDonald*
    Leonard J. McDonald
    Michael F. Bosco
    7720 N. 16th Street, Suite 300
    Phoenix, AZ 85020
    ***Defendants***

**ORIGINAL** of the foregoing Electronically
Filed and a **COPY** of the foregoing
mailed this 13th  day of September, 2024 to:

Sherman Lyons Jr.
406301 West Missouri Avenue
Glendale, AZ 85301
***Defendant Pro Per***

By: Lichelle Gregg