# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherman Lyons, Jr., et al., | No. CV-24-01373-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Julio Aldecocea, et al., | |
| Defendants. | |

The court ordered Plaintiff Sherman Lyons, Jr., to file a response to the motion to dismiss filed by Tiffany & Bosco, P.A. and Leonard J. McDonald as well as a response to the motion to dismiss filed by Julio Aldecocea. (Doc. 24 at 3.) Lyons's responses were due no later than September 27, 2024. Lyons did not file anything by that date. Instead, on October 3, 2024, Lyons filed two motions: one seeks an extension of time and one seems to seek permission to send a subpoena. The first motion is granted but the second is denied.

Lyons' first motion is titled "Motion to Extend Time to Respond to Clear Up Failure to State a Claim and/or Performance, Consideration and Holder in Due Course." (Doc. 28.) In that document Lyons appears to seek an extension of the deadline to respond to the pending motions to dismiss until after Lyons has been able to obtain documents from defendants. Lyons' second motion is titled "Motion to Produce" and it seems to seek permission to issue a subpoena. The proposed subpoena would be sent to defendants Leonard J. McDonald and Julio Aldecocea and require them to produce:

> A true, wet ink certified copy of the original promissory note, full disclosure of the deposit slip of said loan, the insurance policy on Borrower's promissory note associated with the loan, the account number from which the money came to fund the check given to the Borrower.

(Doc. 29 at 2.)

Lyons is proceeding pro se and "pro se litigants, whatever their ability level, are subject to the same procedural requirements as other litigants." *Munoz v. United States*, 28 F.4th 973, 978 (9th Cir. 2022). Thus, pro se litigants "should not be treated more favorably than parties with attorneys of record" and it would be improper for the court "to inject itself into the adversary process on behalf of [any party]." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). The court must review Lyons's motions under the same standards it would apply to such motions filed by any party, including a party represented by an attorney.

All parties must comply with deadlines. Here, Lyons's responses were due September 27 but his request for an extension of time was not filed until October 3. In the future, Lyons must make every effort to comply with deadlines and, when necessary, seek an extension of a deadline before its expiration. The failure to comply with a deadline may result in the court ruling prior to receiving the untimely submission. On the merits, Lyons requests an extension because he did not receive mail due to an address error by opposing counsel and his home was vandalized in May 2024. (Doc. 28 at 2.) It is not clear what connection that vandalism has to Lyons needing more time and Lyons has not established a valid basis for an extension. However, hoping to resolve this case on its merits, the court will grant Lyons his requested extension with an additional warning that he must proffer a more specific factual basis for any future requests.

Lyons is also requesting the court permit him to send a subpoena. That request is premature in two ways and substantively improper. First, it is premature because merely filing a complaint "does not unlock the doors of discovery." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1177 (9th Cir. 2021) ("[P]leadings must assert well-pleaded factual allegations to advance to discovery.").

Lyons filed his complaint and most defendants moved to dismiss it. The court has not yet determined if Lyons's complaint is sufficient and it is therefore too early for Lyons to pursue discovery. Second, Lyons's request is premature because Fed. R. Civ. P. 26(d)(1) prohibits a party from engaging in discovery before the parties have conducted the conference required by Rule 26(f). That conference had not yet occurred and Lyons is not yet entitled to discovery.[1]

Lyons's subpoena also is substantively improper because it seeks information that will not be relevant to his claims in this suit. The proposed subpoena references his need for the "wet ink" note. To the extent Lyons is attempting to avoid a trustee's sale of his property, there is no requirement that a trustee produce the "wet ink" note to sell the property. *Kakarala v. Wells Fargo Bank, N.A.*, No. CV-10-00208-TUC-FRZ, 2012 WL 1458235, at *7 (D. Ariz. Apr. 27, 2012) ("Even if Defendant was without possession of the original note, Plaintiff's 'wet ink' claim is not well grounded in Arizona law."). Similarly, Lyons's request for the "insurance policy on Borrower's promissory note" and the account number on which the check was drawn do not appear relevant to any of Lyons's claims. Accordingly, Lyons is not entitled to the subpoena he seeks.

Accordingly,

**IT IS ORDERED** the Motion for Extension (Doc. 28) is **GRANTED**. Plaintiff shall file separate oppositions to the motions to dismiss no later than **November 4, 2024**.

**IT IS FURTHER ORDERED** the Motion to Produce (Doc. 29) is **DENIED**.

Dated this 8th day of October, 2024.

**Honorable Krissa M. Lanham**
**United States District Judge**

---

[1] On June 10, 2024, the court ordered the parties to conduct the Rule 26(f) conference. (Doc. 6.) At that time Lyons's mailing address was incorrect and he likely did not receive the order. At any rate, there is no indication the parties did conduct the conference.