Sherman Lyons JR
C/o 6301 West Missouri Avenue
Glendale, Arizona (85301)
602 796 0577

✓ FILED ____ LODGED
____ RECEIVED ____ COPY

OCT 2 2 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Shermanlyons81@gmail.com

| | |
|---|---|
| Sherman Lyons, Jr.<br><br>        Plaintiff,<br><br>V.<br><br>Julio Aldecocea<br><br>        Defendant, | Case no. 2:24-CV-01373-DWL<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAILURE TO STATE A CLAIM** |

## I.    Introduction

Plaintiff, Sherman Lyons jr, hereby submits its opposition to Defendants' Motion to Dismiss the Complaint for failure to state a claim . Additionally, Plaintiff holds a valid common law land patent on the property, recorded with the clerk of court, which confirms Plaintiff's ownership and precludes any foreclosure action, the

- 1 -

# Table Of Contents

I.      Introduction
            A. Line 26 - 161
    II.    Lack of Standing
            A. Line 163 - 171
    III.    Failure to Provide Full Disclosure
            A. Line 173 - 181
    IV.    Improper Use of the MERS System
V.    RELIANCE ON INADMISSIBLE THIRD-PARTY INFORMATION (MERS)
            VI.    194 - 217
            A. Line 183 - 191
    VII.    Sufficiency of the Allegations
            A. Line 221 - 229
    VIII.    STATEMENT OF FACTS
            A. Line 231 - 243
    IX.    LEGAL STANDARD
            A. Line 244 - 250
        X.    ARGUMENT
            A. Line 251 - 274
    XI.    CONCLUSION
            A. Line 275 - 281

plaintiff (s) Complaint not only meets but exceeds the standards governing the form of a complaint contemplated by Federal Rule of Civil Procedure 8(a), this Court has subject matter jurisdiction in this matter, Plaintiff entered into a loan agreement with (PMC) Peoples Mortgage Company\ Moria Development,inc on 07\30/2020 and allegedly received on 09\21\2020 for loan number 134030\0052983160

Furthermore, at the time of signing or anytime after neither Moria Development,Inc nor (PMC) Peoples Mortgage Company fully disclosed any/or important critical information to the plaintiff/alleged borrower it was made known to the plaintiff on March 20,2024 by Mr.Robert Anderson,General Counsel for peoples mortgage company(PMC) that PMC was no longer a party to the loan and a transfer was made through the MERS system; that purchase made them(Lakeview Loan servicing) the owner and servicer of the recorded security instrument and has no records for the alleged loan,furthermore in none of my correspondences was i informed of a (MERS)Electronic Registration System.(See all exhibit A)

Furthermore, a failure to disclose Any fees or charges associated with the loan

Failure to Disclose the repayment schedule showing the amount of each installment

Failure to disclose each installment and the total cost of the loan; including how much he'll repay in interest

(PMC)Peoples Mortgage Company/Never Disclosed Plaintiff's right to rescind the agreement within a certain time frame (15 U. S. C.1635(a), (f))( Jazanoski v Countrywide home loans Inc 2015)

Failed to notify me that my note would be securitized and it would be transferred to the MERS system(Electronic Registration System) which poses its own unique challenges such as separation of note and mortgage ect..

Alleged Borrower's Signature transforms the Loan Contract into a Financial Instrument worth the Value of the agreed Loan Amount (31 u.s.c § (a)5103)(15 u.s.c § 1602 (g)

PMC/Moria Development,Inc(defendants) Fails to Disclose to alleged Borrower that the Borrower Created an Asset Loan Contract

- 2 -

(Financial Instrument) Asset Deposited with the Bank by Borrower Financial Instrument remains property of Borrower since the Borrower created it.

PMC/ Moria Development,Inc (Defendants) Failed to Disclose the Bank's Liability to the alleged Borrower for the Value of the Asset

PMC/ Moria Development,Inc (Defendants) Fails to Give alleged Borrower a Receipt for Deposit of the alleged Borrower's Asset New Money Credit is created on the Bank's Books credited against the alleged Borrower's Financial Instrument(31 u.s.c.(a)5103)

PMC/Moria Development,Inc(defendants) Fails to Disclose to the alleged Borrower that the alleged Borrower's Signature Created New Money that is claimed by the Bank as a Loan to the Borrower

Failed to Disclose Loan Amount Credited to an Account for alleged Borrower's use

PMC/Moria Development,Inc (defendants) Deceives the alleged Borrower by Calling Credit a "Loan" when it is an Exchange for the Deposited Asset

PMC /Moria Development,Inc (defendants) Deceives Public at large by calling this process Mortgage Lending, Loan and similar

Peoples Mortgage Company(PMC)/Moria Development(defendants) Deceives Borrower by Charging Interest and Fees when there is no value provided to the Borrower by the Bank  (12 u.s.c § 1431)

Defendants Provide None of their own Money so the Bank has No Consideration in the transaction and so no True Contract exists.
12 u.s.c § 83,  12 c.f.r § 7.4008, 12 u.s.c § 1431
§ UCC 1-304. Obligation of Good Faith.

- 3 -

Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement.

(Bank of America, N.A. v. Miller) which was purportedly purchased/ transferred to Lakeview Loan Servicing, LLC (.Gaughan v. PNC Bank, N.A.)

1. Despite fulfilling all conditions precedent, Plaintiff never received the loan funds from(PMC) Peoples Mortgage company\Moria Development, Inc

2. Lakeview Loan Servicing, LLC, currently servicing the alleged loan, has failed to produce the original promissory note with Plaintiff's wet ink signature and the Complaint sufficiently alleges consumer harm and damage. Accordingly, Defendants' motion should be denied.

I. The plaintiffs' claims are sufficiently stated.

Defendants move to dismiss the plaintiff's Complaint for a) Failure to State a Claim and b) Lack of Subject Matter Jurisdiction. In support of their Motion, Defendants(Councel) argue that the Complaint lacks, inter alia, a definition of deception; lacks any example of injury; and lacks a factual basis. Defendants\Councel cite no valid authority to support the proposition that these or any other supposedly missing ingredients are, in fact, required in the plaintiff's Complaint.

Federal Rule of Civil Procedure 8(a) states that a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that "[e]ach allegations must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). The Supreme Court has explained that a complaint need only "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Świerkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002); accord Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557, 568 n.15 (1987) (under Federal Rule 8, claimant has "no duty to set out all of the relevant facts in his complaint"). "Specific facts are not necessary in a Complaint; instead, the

- 4 -

statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

Epos Tech., 636 F. Supp.2d 57, 63 (D.D.C. 2009) (quoting Bell Atlantic v. Twombly, 550 U.S.544, 555 (2007)).

Thus, the Federal Rules embody "notice pleading" and require only a concise statement of the claim, rather than evidentiary facts. Accordingly, Defendants' Motion would be considered properly filed only "where a plaintiff's complaint is 'unintelligab[le] (sic),' not where a complaint suffers for 'lack of detail.'" Epos Tech., 636 F. Supp. 2d at 63 (citations omitted).

The simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and to dispose of unmeritorious claims.

See Swierkiewicz, 534 U.S. at 512. Indeed, courts have found that if the information sought by the motion is obtainable through discovery, the motion should be denied. See, e.g., Towers Tenant Ass'n v. Towers Ltd.

P'ship, 563 F. Supp. 566, 569 (D.D.C. 1983) (denying motion for a more definite statement because details such as "dates, times, names and places" are "the central object of discovery, and need not be pleaded").

Here, the plaintiff's Complaint is not unintelligible or confusing and does not violate Federal Rule of Civil Procedure 8(a)'s requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." The Complaint clearly has a more than sufficient statement of the claim

## II. Lack of Standing:

The defendant asserts that I have failed to state a claim, primarily arguing that they are the holder of the note. However, as established in *Gomez v. Countrywide Home Loans, Inc.*, 2011 WL 5513204 (N.D. Cal. 2011), a party must demonstrate it holds the original promissory note to enforce the mortgage. I have asserted that Lakeview does not possess the original note, which undermines

its claim to enforce any rights against me. **In re Veal**, 450 B.R. 897 (9th Cir. 2011)

### III. Failure to Provide Full Disclosure:

My complaint also outlines significant violations regarding the disclosure of loan terms and practices. As noted in *Gonzales v. Wells Fargo Bank, N.A.*, 2011 WL 2098672 (D. N.M. 2011), failure to disclose critical loan information can lead to a violation of TILA, giving rise to a valid claim. The lack of such disclosure has directly impacted my ability to understand my obligations under the alleged loan agreement.

### IV. Improper Use of the MERS System:

The use of the MERS system in this case raises additional questions of legality and propriety. In *Eagle Canyon v. MERS*, 2012 WL 2073394 (N.D. Cal. 2012), the court examined the standing of MERS and emphasized the importance of identifying the real party in interest in foreclosure actions. I have not been informed of how MERS impacts my case, and I believe this warrants further examination.

### V. RELIANCE ON INADMISSIBLE THIRD-PARTY INFORMATION (MERS)

Defendant is relying on third-party records from the MERS system, which are not admissible under Arizona law. Arizona's Rules of Evidence require business records to meet strict criteria for credibility and reliability.

Case Law Support:

Arizona Rules of Evidence Rule 803(6): Business records are admissible only if they meet reliability standards, which the MERS system records do not.

- 6 -

In re Agard, 444 B.R. 231 (Bankr. E.D.N.Y. 2011): The court ruled that MERS records do not provide sufficient authority to enforce a mortgage without original documentation.

Application to Facts:

MERS does not hold or possess the original note. Defendant's reliance on electronic records from MERS without producing original documentation or valid assignments renders their claim unenforceable. The records cannot be admitted as business records because they fail to meet Arizona's evidentiary standards for reliability.

## VI. Sufficiency of the Allegations:

The standard for a motion to dismiss requires only that I provide sufficient factual allegations that, if true, would allow recovery. As established in *Kirkpatrick v. City of San Diego*, 2012 WL 4735406 (S.D. Cal. 2012), a complaint must be construed in the light most favorable to the plaintiff. I have provided detailed allegations regarding the lack of standing, improper disclosure, and potential fraud, which must be taken as true for the purposes of this motion.

## VII. STATEMENT OF FACTS

**1. Defendant Mr. Julio Aldecocea, on behalf of Lakeview Loan Servicing LLC, seeks to dismiss Plaintiff's claims, arguing that Lakeview has the authority to enforce the loan on Plaintiff's property.**

**2. However, Lakeview Loan Servicing LLC has not produced the original promissory note with Plaintiff's wet ink signature, which is required to enforce the loan under Arizona law.**

**3. The loan assignment through MERS, used by Lakeview, is legally insufficient and has created a break in the chain of title.**

- 7 -

4. Plaintiff holds a valid common law land patent, which is recorded with the clerk of court and further solidifies Plaintiff's ownership of the property. *A.R.S. § 41-151.12* (Public Records)

## IX. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough facts to state a claim for relief that is plausible on its face. The Court must accept as true all factual allegations in the complaint and construe them in the light most favorable to the plaintiff (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## X. ARGUMENT

1. **Lakeview Lacks Standing Due to the Absence of the Original Promissory Note**
Lakeview cannot lawfully enforce the alleged loan because it has failed to produce the original promissory note. Under UCC 3-301, the holder of a promissory note must possess the original to enforce it. The absence of the note, along with Plaintiff's land patent, invalidates Lakeview's claim (*In re Veal*, 450 B.R. 897, 918-920 (9th Cir. 2011)).

2. **Invalid Assignment Through MERS**
The assignment of the loan through MERS is insufficient to establish a valid claim to foreclose. MERS cannot transfer the beneficial interest of the loan, and any attempt to assign it breaks the chain of title, rendering Lakeview's foreclosure claim invalid (*In re Agard*, 444 B.R. 231 (Bankr. E.D.N.Y. 2011)).

3. **Plaintiff's Common Law Land Patent Establishes Ownership**
Of Plaintiff's land patent which all parties of interest were notified , then recorded with the clerk of court, provides legal confirmation of ownership, making any attempt by Lakeview to foreclose improper. The land patent supersedes any claim Lakeview may attempt to assert without the original promissory note.(*A.R.S. § 41-151.12* (Public Records)

**4. UCC-11 Search Shows No Existing Lien**

**Plaintiff's UCC-11 search reveals no lien against the property. This further undermines Lakeview's ability to assert a foreclosure claim, as no lien exists to support its action.**

## XI. CONCLUSION

**For the reasons set forth above and the lack of consideration or performance, Plaintiff respectfully requests that the Court deny Defendant Mr. Julio Aldecocea Motion (and his counsel) to Dismiss on behalf of Lakeview Loan Servicing LLC, as Plaintiff has adequately stated a claim for relief, and the absence of the original note and the recorded land patent preclude any foreclosure action by Lakeview and/or any of its affiliates.**

**Dated: October 22, 2024**

**Respectfully submitted,**

**Sherman Lyons Jr**
**℅ 6301 west Missouri Avenue**
**Glendale, Arizona (85301)**

**602-796-0577**
**ShermanLyons81@gmail.com**

# EXHIBIT A



**Peoples**
MORTGAGE COMPANY

++-

March 20, 2024

Sherman Lyons, Jr.
6301 W. Missouri Ave.
Glendale, Arizona 85301

> **Re:**   Loan #134030

Dear Mr. Lyons:

I am General Counsel for Moria Development, Inc. dba Peoples Mortgage Company ("PMC"), and in that capacity I am responding to your letter of March 9, 2024.

Please be advised that PMC is no longer the owner of the above referenced loan or holder of the corresponding loan documents. This loan was transferred to Lakeview Loan Servicing, LLC ("Lakeview") effective on October 1, 2020 through the Electronic Registration Systems ("MERS"). Lakeview can be contacted at Lakeview Loan Servicing, LLC, c/o Loan Care, P.O. Box 60509 City of Industry, CA 91716-0509,. We are a MERS member. When PMC originated the loan, a MIN (Mortgage Identification Number) was assigned and is referenced on the recorded security instrument. Lakeview, who purchased the loan from PMC, is also a MERS member. When PMC transferred through MERS to Lakeview, it became the owner of the loan. Lakeview is also the servicer of this loan.

PMC is no longer a party to the loan and has no records for the loan. Under these circumstances, I respectfully suggest you contact Lakeview.

Thank you for your cooperation in this matter. Should you have any questions, please do not hesitate to contact me.

Very truly yours,

Robert Anderson, General Counsel
Peoples Mortgage Company
2055 E Centennial Cir, Tempe, AZ 85284
Direct: 480.306.5425
randerson@peoplesmortgage.com

subservicing by LoanCare
P.O. Box 8068
Virginia Beach, VA 23450-8068

3637 Sentara Way | Virginia Beach, VA 23452

3-754-76595-0000222-001-000-000-000-000

SHERMAN LYONS
6301 W MISSOURI AVE
GLENDALE AZ  85301-5632

August 14, 2020

## Your Servicing Transfer

Dear Customer(s):

Welcome to Lakeview Loan Servicing, LLC.  Your mortgage loan recently serviced by Moria Development, Inc. has been purchased by Lakeview Loan Servicing, LLC effective 10-01-20.  Lakeview Loan Servicing, LLC is transferring the servicing of your loan to LoanCare effective 10-01-20.  Lakeview Loan Servicing, LLC partners with LoanCare to perform the servicing functions for your loan on our behalf. Servicing functions include such things as issuing billing statements, collecting payments, paying your property taxes and homeowners insurance, and preparing year-end statements.

Regardless of whether a different address might have been used in your mortgage note or otherwise given to you during closing, all payments effective 10-01-20 should be made payable to Lakeview Loan Servicing, LLC and mailed to the following address:

Lakeview Loan Servicing, LLC
c/o LoanCare
P. O. Box 60509 City of Industry, CA 91716-0509

You can access information concerning your mortgage loan 24 hours a day, 7 days a week by logging onto our website at www.lakeviewloanservicing.myloancare.com or through our automated phone system at (800)509-0183.  Customer Service representatives are available to assist you Monday through Friday from 8:00 A.M. to 10:00 P.M. and Saturday from 8:00 A.M. to 3:00 P.M., Eastern Time.

**INFO**

**CUSTOMER NAME(S):**
Sherman Lyons

**PROPERTY ADDRESS:**
6301 W Missouri Ave
Glendale AZ 85301

**YOUR NEW LOAN NUMBER:**
0052983160

**CONTACT US**

**CUSTOMER SERVICE:**
(800)509-0183

**COLLECTIONS:**
(800)509-0183

**HOURS:**
Monday - Friday
8:00 A.M. – 10:00 P.M. ET

Saturday
8:00 A.M. – 3:00 P.M. ET



# 🏠LOANCARE

October 11, 2023

Sherman Lyons
6301 W. Missouri Ave
Glendale, AZ 85301

Re: Loan Number XXXXXX3160

Dear Sherman Lyons:

Thank you for contacting us about your concerns. We are committed to providing exceptional service and seek to resolve your concerns to your satisfaction. The purpose of this letter is to provide you with an explanation of the issues raised in your correspondence.

LoanCare is committed to delivering exceptional service to every customer. We want to properly address all concerns in an expedient manner; however, please note that your request for information does not clearly identify the alleged servicing error that occurred while the loan has been under our care. Additionally, because LoanCare is the sub-servicer of the mortgage, we are limited to answering questions related specifically to the servicing of same. As we did not originate the mortgage loan, we are not able to respond to your concerns regarding origination or provide copies of certain documents associated with origination of the mortgage loan.

Please note, in providing this response we are not limiting or waving any rights or remedies we may now or hereafter have, whether arising under the relevant loan documents, at law or in equity, all of which rights and remedies are expressly reserved. Any perceived silence on our part does not indicate agreement with any statements or allegations provided in your correspondence. Any information not provided is proprietary, confidential, the request does not pertain to the servicing of this specific account or is overbroad.

This is not an admission the correspondence received complies with the requirements of the Real Estate Settlement Procedures Act, 12 U.S.C. 2601, et seq. (RESPA) or that your correspondence constitutes as a Lender Notice and Demand for Full Disclosure of the terms and execution of the loan. However, we have provided copies of the requested documents for the time period in which we have sub-serviced the

3637 Sentara Way, Virginia Beach, VA 23452 | NMLS #2916 | loancare.com
Copyright ©2022 LoanCare. All rights reserved. Do not distribute.

# ⌂LOANCARE

account only. LoanCare cannot address concerns or provide copies of certain documents relating to prior servicers. The following items are enclosed:

- Note
- Promissory Note
- Deed of Trust
- Partial Claim Deed of Trust
- Closing Disclosure
- Your Servicing Transfer notice
- Account History
- Release Correspondence
- Deed of Release and Full Reconveyance

The account originated with Moria Development Inc. on July 30, 2020 and LoanCare began sub-servicing this account on behalf of Lakeview Loan Servicing, LLC effective October 1, 2020. The owner of the Note is Lakeview Loan Servicing LLC. The address of the owner of the note is 4425 Ponce De Leon Blvd, MS-5-251, Coral Gables, FL 33146.

According to the enclosed Account History, on July 5, 2023, funds of $4,214.19 were disbursed from the escrow account to pay the hazard insurance premium due for the property. The hazard insurance is through State Auto Insurance, policy number 1000888825, effective July 23, 2023 to July 23, 2024. The enclosed correspondence issued to you on October 2, 2023, advised the terms of the down payment assistance mortgage loan have been fully satisfied and the Deed of Release and Full Reconveyance has been recorded in the official land and records office where your property is located. The remaining principal balance of the first lien is $236,035.63.

If you have further questions regarding this matter or would like to request additional documentation used in our research, please contact me in the Office of the Customer at (800) 919-5631 extension 2890, Monday through Friday, 9:30 a.m. to 6:00 p.m. Eastern Time.

Sincerely,

*Wendy Dunkelberger*

Wendy Dunkelberger
Office of the Customer

Enclosures