Sherman Lyons Jr.
406301 west Missouri Avenue
Glendale, Arizona (85301)
607 796 0577

ShermanLyons81@gmail.com

☑ FILED          ___ LODGED
___ RECEIVED    ___ COPY

OCT 2 2 2024

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Sherman Lyons, Jr.

          Plaintiff,

     V.

Leonard J. McDonald

          Defendant,

**Case no. 2:24-CV-01373-DWL**

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

## I. Introduction

This opposition addresses Defendant Mr. Leonard J. McDonald's motion to dismiss under Rule 12(b)(6). Mr. Leonard J. McDonald, acting as a Beneficiary/Trustee for the law firm that initiated foreclosure proceedings on my property, lacks standing to foreclose

# Table Of Contents

I.    Introduction
     A. Line 27 - 36
II.   Background
     A. Line 37 - 46
III.  Legal Standard
     A. Line 47 - 56
IV.   Argument
     A. Line 58 - 98
V.    Conclusion
     A. Line 100 - 105

due to improper handling of the loan and documentation deficiencies. Mr.Leonard J.McDonald and/or there affiliates may only be relying on inadmissible third-party information.Additionally, I have obtained a common law land patent, which is on file with the clerk of court and affirms my rightful ownership of the property, further invalidating the foreclosure attempt and all parties of interest was notified of this prior to filing.

## II. Background

On June 6, 2024, Leonard J. McDonald, acting as a (Beneficiary/Trustee) for a law firm, initiated foreclosure proceedings against my home in Glendale, AZ. I was forced to seek a loan modification to halt these proceedings. However, the foreclosure was initiated despite the absence of the original promissory note with my wet ink signature and the unlawful use of the MERS system. Additionally, I hold a common law land patent that is recorded with the clerk of court, establishing my full legal claim to the property.

## III.    Legal Standard

**Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a motion to dismiss challenges the sufficiency of the plaintiff's complaint. A claim should not be dismissed if the plaintiff has provided sufficient factual matter to state a claim for relief that is plausible on its face. The court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff (*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).**

## IV.    Argument

**Lack of Standing to Foreclose**

Mr.Leonard J. McDonald(Beneficiary/Trustee) lacks standing to foreclose on the property due to the failure to produce the original promissory note. Under Arizona law, a trustee seeking to foreclose must establish that they hold the original note (*In re Veal*, 450 B.R. 897, 918-920 (9th Cir. 2011)). Furthermore, the existence of my recorded land patent strengthens my claim to the property, rendering any foreclosure attempt invalid.(Carpenter v Longan)

- **Case Law**: *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637 (2011) – Holding that banks must prove they hold the mortgage to foreclose.

## Violation of UCC Article 3

Mr.Leonard J. McDonald cannot enforce the loan due to the absence of the original note. Under UCC 3-301, the party seeking enforcement of the note must demonstrate possession of the original. Without it,Mr.Leonard J. McDonald cannot lawfully initiate foreclosure. The land patent also serves as legal evidence of ownership, superseding any claimsMr.Leonard J. McDonald may attempt to assert.(15 u.s.c. 1692 (e)(4),(18 u.s code 894)

- **UCC 3-301**: Requires a claimant to possess the note to be a "holder in due course."

## MERS System Issues and Break in Chain of Title

The use of the MERS system further clouds the legitimacy of the foreclosure attempt. MERS, acting as a nominee, lacks the authority to enforce the loan, particularly when the chain of title is not properly recorded (*In re Agard*, 444 B.R. 231 (Bankr. E.D.N.Y. 2011)). My land patent recorded with the court strengthens my argument that McDonald and his law firm have no lawful claim to my property.

**Improper Foreclosure Procedures and Land Patent Ownership**

The improper initiation of foreclosure without proper documentation violates Arizona law. Arizona requires all entities involved in foreclosure to have a valid interest in the loan. Given the absence of the original note and the existence of my land patent, McDonald has no legitimate basis to proceed with foreclosure.

### V. Conclusion

For the reasons outlined above, the court should deny Mr. Leonard J. McDonald's motion to dismiss and allow my claims to proceed.Mr.Leonard J. McDonald's failure to prove standing, coupled with my valid land patent, invalidates the foreclosure action

Respectfully submitted,
October 22,2024

Sherman Lyons Jr
% 6301 west Missouri avenue
Glendale,Arizona (85301)
602-796-0577
Shermanlyons81@gmail.com