Leonard J. McDonald (SBN 014228)
Michael F. Bosco (SBN 033957)

**TB** TIFFANY & BOSCO
P.A.

7720 N. 16th Street, Suite 300
Phoenix, AZ 85020
TELEPHONE: (602) 255-6000
FACSIMILE:   (602) 255-0103
EMAIL: LJM@tblaw.com; MFB@tblaw.com
*Defendant*
24-04195

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherman Lyons Jr., | Case No. 2:24-CV-01373-DWL |
| Plaintiff, | |
| v. | **DEFENDANTS LEONARD J. MCDONALD AND TIFFANY & BOSCO, P.A.'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| Lakeview Loan Servicing LLC, *et al.*, | |
| Defendants. | |

        Defendants Tiffany & Bosco, P.A. (the "Firm"), specially appearing, and Leonard J. McDonald (individually, "Trustee" and collectively, the "Bosco Defendants"), by and through counsel undersigned, hereby submit their *Reply in Support of Motion to Dismiss* (the "Reply") pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure ("FRCP"). The Reply is supported by the following Memorandum of Points and Authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Background.

        Plaintiff filed the above captioned action on April 1, 2024. Trustee was served on May 8, 2024.  The Firm has not been served, and is therefore specially appearing.  The Complaint is confusing and difficult to follow, especially as it relates to the Bosco Defendants who are improperly named.  Aside from being mentioned in Exhibit A to the Complaint, the Bosco Defendants are not even mentioned in the Complaint.  It does not

appear that any of the claims, causes of action, or factual allegations are even directed at the Bosco Defendants.

It appears that the Bosco Defendants are being named in the Complaint solely in Trustee's, who is an attorney at the Firm, role as trustee of the subject deed of trust. As Arizona law makes clear, the Bosco Defendants have been improperly named in the Complaint and the Complaint should be dismissed *with prejudice*. It should be noted that Plaintiff appears to confuse Trustee as the beneficiary, which is incorrect.

The Bosco Defendants filed their *Motion to Dismiss* (the "Motion") pursuant to A.R.S. § 33-820(A) and A.R.S. § 33-807(E). On October 22, 2024, Plaintiff filed his *Opposition to Defendant's Motion to Dismiss* (the "Response").

**II.    Legal Argument.**

The Bosco Defendants reincorporate the A.R.S. § 33-820(A) and A.R.S. § 33-807(E) arguments set forth in the Motion to Dismiss. The Response fails to address any of the arguments made in the Motion. Plaintiff's failure to address the arguments should be treated as a concession to those arguments. Instead of responding to the arguments, the Response now argues, for the first time, that: (1) the Bosco Defendants lacked possession of the original promissory note; and (2) the MERS system is fundamentally flawed. In addition to being improperly made, both arguments fail as a matter of law.

**A.    Arizona law does not require possession of the original note.**

Under Arizona law, possession of the note is not required in order to commence nonjudicial foreclosures. *See generally Steinberger v. McVey*, 318 P.3d 419, 429 (Ariz. Ct. App. 2014) ("In *Hogan*, our supreme court held that 'Arizona's non-judicial foreclosure statutes do not require the beneficiary [of a deed of trust] to prove its authority' or to show possession of the original promissory note 'before the trustee may commence a non-judicial foreclosure.'"), *rev. denied*, No. CV-14-0063-PR, 2014 Ariz. LEXIS 155 (Ariz. Sept. 23, 2014); *Buchna v. Bank of Am., N.A.*, 478 F. App'x 425, 426 (9th Cir. 2012) ("The Buchnas' argument that the beneficiary was required to prove ownership of the note before instituting a non-judicial foreclosure proceeding also fails to

state a claim."); *Silving v. Am.'s Servicing Co.*, 552 F. App'x 684, 685 (9th Cir. 2014) ("Arizona law does not support Appellant's 'show me the note' argument. Non-judicial foreclosure sales are governed by statute in Arizona. The non-judicial foreclosure statutes impose no obligation on the beneficiary of a trustee's sale to 'show the note' before conducting a non-judicial foreclosure.") (citations omitted). Therefore, this argument fails as a matter of law.

### B.     The MERS system is widely accepted.

Under Arizona law, courts have found that there is nothing improper or fraudulent about the MERS® System. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1042 (9th Cir. 2011) ("In light of the explicit terms of the standard deed signed by Cervantes, it does not appear that the plaintiffs were misinformed about MERS's role in their home loans."). Moreover, MERS is a valid beneficiary under Arizona law, and MERS assignments are valid. *See Zadrozny v. Bank of N.Y. Mellon*, 720 F.3d 1163, 1169 (9th Cir. 2013) ("[U]nder Arizona law, MERS may serve as a beneficiary in non-judicial foreclosures."). Therefore, this argument fails as a matter of law.

### IV.     Conclusion

For the foregoing reasons, the Bosco Defendants respectfully request that the Court dismiss the Complaint *with prejudice* and award the Bosco Defendants their attorneys' fees and costs pursuant to A.R.S. § 33-807(E).

RESPECTFULLY SUBMITTED this 29th day of October, 2024.



By: */s/ Leonard J. McDonald*
    Leonard J. McDonald
    Michael F. Bosco
    7720 N. 16th Street, Suite 300
    Phoenix, AZ 85020
    ***Defendant***

**ORIGINAL** of the foregoing Electronically Filed and a **COPY** of the foregoing mailed this 29th day of October, 2024 to:

Sherman Lyons Jr.
406301 West Missouri Avenue
Glendale, AZ 85301
***Defendants Pro Per***

By: <u>Lichelle Gregg</u>