**TROUTMAN PEPPER
HAMILTON SANDERS LLP**
Justin D. Balser, AZ SBN 027850
justin.balser@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, California 92618
Telephone: 949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendants Julio
Aldecocea and Lakeview Loan
Servicing, LLC

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shermon Lyons, Jr./ The Lyons Family Trust, | Case No.  2:24-cv-01373-KML |
| Plaintiff, | **MOTION FOR LEAVE TO FILE LATE REPLY (FIRST REQUEST)** |
| v. | |
| Leonard J. McDonald; Julio Aldecocea c/o Lakeview Loan Servicing, LLC, | |
| Defendants. | |

Defendants Julio Aldecocea ("Aldecocea") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively, Aldecocea and Lakeview are referred to as "Defendants"), by and through their undersigned counsel of Troutman Pepper Hamilton Sanders LLP, hereby submit their Motion for Leave to File Late Reply, pursuant to Fed. R. Civ. P. 6(b)(1)(B) and LR 7.3. This is Defendants' first request for leave for a late filing in this case; however, the Court previously granted two extensions for Defendants to file their response to the Complaint. Plaintiff's Motion is accompanied by the proposed Reply, and is supported by the following points and authorities:

///

MOTION FOR LEAVE TO FILE LATE REPLY

**MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants' respectfully request leave to file the Reply after the deadline because, as will be shown, the delay is minimal, will not prejudice Plaintiff, and resulted from excusable neglect resulting from an internal calendaring error.  As such, Defendants' request is made in good faith, based on excusable neglect, and for good cause.

Fed. R. Civ. P. 6 (b) governs motions for late filings and provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . made after the time has expired if the party failed to act because of excusable neglect." *Id.*  In the Ninth Circuit, satisfaction of the requirements of Fed. R. Civ. 6(b) is evaluated based on balancing four factors:

> (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Warkentin v. Federated Life Ins. Co*., 594 F. App'x 900, 901 (9th Cir. 2014) (citing *Ahanchian v. Xenon Pictures, Inc*., 624 F.3d 1253, 1261 (9th Cir.2010) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993))).

Here, all of the factors for permitting a late filing under Fed. R. Civ. P. 6(b)(1)(B) weigh in favor of granting the extension, and Defendants respectfully request that the Court grant the extension and permit Defendants to file the Reply at this time.

First, there is no danger of prejudice to Plaintiff in this case because Plaintiff has already filed his Opposition to the Motion to Dismiss and is not entitled to additional filings prior to the Court's decision on said motion.  Furthermore, no hearing has been scheduled, and Plaintiff will not have to make any additional arrangements due to the late Reply.

///

TROUTMAN PEPPER HAMILTON SANDERS LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA  92618

Additionally, the length of the delay is very small, and will not impact the proceedings. The deadline for Plaintiff's Reply was October 29, 2024, and the Reply would be filed on November 1, 2024. Because the Court has not ruled on the Motion, and no hearing is scheduled, granting the extension will not impact the proceedings in any way. Notably, the Ninth Circuit permits a finding of excusable neglect for filing after the deadline in much more extreme circumstances and longer time periods. *See Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (granting leave to file a late notice of appeal 30 days after the deadline in similar circumstances).

Similarly, Ninth Circuit precedent allows, and indeed encourages courts to permit late filings in circumstances similar to this case. In *Pincay.* the Ninth Circuit, proceeding *en banc*, found that an attorney's reliance on his paralegal's calendaring error, resulting in filing a notice of appeal thirty days after the deadline, was excusable neglect. *Id.* The circumstances in this case are similar, having arisen from an internal calendaring error, but here, the delay has only been three days and the three-page abbreviated Reply in question is not nearly so momentous as a notice of appeal.

Finally, Defendants have acted in good faith in immediately seeking leave to file the late Reply as soon as the error was discovered. The delay was due to inadvertence and no bad faith can be imputed to Defendants or counsel.

Since all of the factors for permitting a late filing under Fed. R. Civ. P. 6(b)(1)(B) weigh in favor of granting the extension, Defendants respectfully request that the Court grant leave allowing to file the Reply at this time.

///

///

///

///

///

///

TROUTMAN PEPPER HAMILTON SANDERS LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

- 3 -

TROUTMAN PEPPER HAMILTON SANDERS LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA  92618

## <u>CONCLUSION</u>

For all of the foregoing reasons, Defendants respectfully request leave to file their Reply in Support of the Motion to Dismiss after the deadline.

Respectfully submitted on November 1, 2024.

TROUTMAN SANDERS
HAMILTON PEPPER LLP


By: */s/ Justin D. Balser*
       Justin D. Balser

Attorneys for Defendants Julio Aldecocea
and Lakeview Loan Servicing, LLC

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on **November 1, 2024**, I caused the foregoing **MOTION FOR LEAVE TO FILE LATE REPLY (FIRST REQUEST)** to be electronically filed with the Clerk of the Court using the CM/ECF system and a copy was served via regular mail and email on the following party:

Sherman Lyons Jr.                    *Pro Se Plaintiff*
406301 West Missouri Avenue
Glendale, Arizona 85301
Email: Shermanlyons81@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed on **November 1, 2024,** at Irvine, California.

_____          _____
Carla Llarena                                        (Signature)
(Type or print name)