**TROUTMAN PEPPER HAMILTON SANDERS LLP**
Justin D. Balser, AZ SBN 027850
justin.balser@troutman.com
100 Spectrum Center Drive, Suite 1500
Irvine, California 92618
Telephone: 949.622.2700
Facsimile:  949.622.2739

Attorneys for Defendants Julio
Aldecocea and Lakeview Loan
Servicing, LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherman Lyons, Jr./ The Lyons Family Trust,<br><br>    Plaintiff,<br><br>    v.<br><br>Leonard J. McDonald; Julio Aldecocea c/o Lakeview Loan Servicing, LLC,<br><br>    Defendants. | Case No.  2:24-cv-01373-KML<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** |

Defendants Julio Aldecocea ("Aldecocea") and Lakeview Loan Servicing, LLC ("Lakeview") (collectively referred to as the "Lakeview Defendants") hereby submit their Reply in Support of their Motion to Dismiss.

## I.    MEMORANDUM

Plaintiff does not seriously oppose arguments made in the Motion to Dismiss. While the moving Defendants specifically challenge the substantive deficiencies of the complaint, Plaintiff restates a list of conclusions from the deficient complaint. Plaintiff has failed his burden to demonstrate his claims are plausible on their face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  He also fails to

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER HAMILTON SANDERS LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

explain why Julio Aldecocea should be a named defendant, leaving it obvious Mr. Aldecocea should be dismissed.

Turning to the list of complaints found in Plaintiff's opposition, none have merit and leave to amend need not be permitted. First, Plaintiff claims the failure of Lakeview to show him the wet ink note or prove note holder status robs it of standing to foreclose. Arizona courts have addressed this argument and found it meritless. *See Hogan v. Washington Mut. Bank, N.A.*, 230 Ariz. 584, 586, 277 P.3d 781, 783 (2012), as amended July 11, 2013 ("Hogan contends that before a trustee may exercise that power of sale, the beneficiary must show possession of, or otherwise document its right to enforce, the underlying note. Nothing in our statutes, however, requires this showing"). Next, Plaintiff attempts to challenge MERS' involvement in his loan, but he conveniently ignores that he agreed to MERS as nominee beneficiary in the deed of trust. Also, Plaintiff's argument that MERS cannot assign the "loan" is misplaced. Plaintiff confuses the general concept of a "loan" with the operable legal document for enforcement of Lakeview's security interest, which is the Deed of Trust.[1] "It is well established that MERS may serve as a beneficiary of an Arizona trust deed in a nominee capacity, and that MERS may validly assign its interest in a Deed of Trust." *Gardner v. Nationstar Mortg., LLC*, 258 F. Supp. 3d 956, 968 (D. Ariz. 2017) (citing *Bayer v. Nationstar Mortg. LLC*, No. CV-15-02430-PHX-DGC, 2017 WL 1133023, at *2 (D. Ariz. Mar. 27, 2017) (also stating "it is beyond dispute that MERS may validly assign its interest in a trust deed and that such assignment does not nullify the power of sale") (citing *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 133, 318 P.3d 419, 427 (Ct. App. 2014).)

Third, Plaintiff appears to raise a Truth-in-Lending Act claim based on alleged failure to provide disclosures. His loan originated in 2020, and because TILA has a one-year statute of limitations for damages and a three-year statute of repose for

---

[1] Plaintiff's reliance on *In re Agard*, 444 B.R. 231 (Bankr. E.D.N.Y. 2011), is misplaced, as it does not pertain to a deed of trust and does not reflect the prevailing law in Arizona.

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

TROUTMAN PEPPER HAMILTON SANDERS LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

rescission, any TILA claim is time-barred. *See* 15 U.S.C. § 1640(e); 15 U.S.C. § 1635(f).

Fourth, Plaintiff's assertion that a common law land patent precludes foreclosure fails because Arizona does not recognize common law land patents as a means to invalidate a properly recorded deed of trust. *See* A.R.S. § 33-401 *et seq.* Furthermore, A.R.S. § 33-411 establishes the priority of recorded instruments. It states that an instrument affecting real property is valid against subsequent purchasers or creditors *only if it is recorded.* This establishes that a properly recorded deed of trust takes precedence over unrecorded claims, including common law land patents.

Finally, Plaintiff's UCC-11 search argument is irrelevant to the enforcement of the deed of trust. The UCC does not apply to the enforcement of real property interests. *See* A.R.S. § 47-9109(d)(11) (excluding "[t]he creation or transfer of an interest in or lien on real property . . ." from the scope of the UCC, as codified in Arizona). *Id.*

Since the Opposition does not address the arguments in the Motion to Dismiss, and since the Complaint does not plausibly state any claims, the Complaint should be dismissed. Plaintiff offers zero legal basis to permit leave to amend. And, since no explanation has been given as to Mr. Aldecocea's relationship with this case or Arizona for that matter, he should be dismissed from this case with prejudice.

Respectfully submitted on November 1, 2024.

TROUTMAN SANDERS
HAMILTON PEPPER LLP


By: */s/ Justin D. Balser*
        Justin D. Balser

Attorneys for Defendants Julio Aldecocea and Lakeview Loan Servicing, LLC

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**CERTIFICATE OF SERVICE**

I hereby certify that on **November 1, 2024**, I caused the foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** to be electronically filed with the Clerk of the Court using the CM/ECF system and a copy of was served via regular mail and email on the following party:

Sherman Lyons Jr.                    *Pro Se Plaintiff*
406301 West Missouri Avenue
Glendale, Arizona 85301
Email: Shermanlyons81@gmail.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of Arizona that the foregoing is true and correct.

Executed on **November 1, 2024,** at Irvine, California.

Carla Llarena
(Type or print name)                    (Signature)

REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

303768202v1

TROUTMAN PEPPER HAMILTON SANDERS LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618