**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sherman Lyons, Jr., et al., | No. CV-24-01373-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Julio Aldecocea, et al., | |
| Defendants. | |

Plaintiff Sherman Lyons, Jr., filed a complaint identifying a mix of individuals and entities as defendants. (Doc. 1-1 at 6.) Some of the defendants filed motions to dismiss arguing the complaint does not provide any guidance regarding the nature of Lyons's claims or why they are being sued. Lyons's oppositions to those motions to dismiss do not address the claims in the complaint and instead invoke legal theories that have been repeatedly rejected. Because the complaint contains no meaningful factual allegations and the legal theories Lyons offers in opposing dismissal are not viable, the complaint is dismissed without leave to amend.

**I.     Background**

Lyons filed a complaint in state court that identified the following as defendants, listed exactly as they are set forth in the complaint:

1. Julio Aldecocea c/o Lakeview Loan Servicing LLC/President;
2. Leonard J. McDonald/Beneficiary;
3. Empire West Title Agency, LLC;

    4.    Robert Anderson, General Counsel, Moria Development, Inc.;

    5.    Stanley Morris dba People Mortgage/CEO;

    6.    Mortgage Electronic Registration System;

    7.    Tiffany and Bosco;

    8.    Sean O'Neal/SVP General Partner/Bayview MSR Opportunity Master Fund.

(Doc. 1-1 at 8.) Based on this list, it is not clear who Lyons is attempting to sue. For example, it is unclear if Lyons is attempting to sue Aldecocea and Lakeview separately or if he only intended to sue Aldecocea. And the factual allegations in the complaint do not shed any light on this because the complaint does not differentiate between the defendants. It merely identifies alleged wrongdoing by "defendants" collectively.

    The only factual allegations in the complaint are that Lyons "is the rightful land patent and plat holder" and defendants "failed to provide plaintiff with the original note," failed to provide "proof that plaintiff actually received the alleged loan," and have "threatened illegal actions." (Doc. 1-1 at 5, 9.) The complaint also alleges "MERS involvement raises concern about ownership and lawful/legal servicing," and plaintiff is "concern[ed] about all potential data breaches of defendants' system." (Doc. 1-1 at 5.) Based on these allegations, Lyons asserts a long list of claims, none of which are explained in any way.

    According to that list, defendants violated the Fair Credit Reporting Act "by furnishing inaccurate information" to credit reporting agencies and failed to investigate an unidentified "dispute." (Doc. 1-1 at 6.) Defendants violated the Fair Debt Collections Practices Act "by engaging in harassing debt/loan allege collection practices" and "making false or misleading statements about the alleged loan/debt." (Doc. 1-1 at 6.) Defendants "may" have violated the Truth in Lending Act when the "loan/debt" was "converted into a security without proper disclosures." (Doc. 1-1 at 6.) And defendants violated "one of many (MERS) rulings" and the "14th Amendment Sec. 1." While possibly not intended as a claim, the complaint also alleges "note instruments are 'national bank currency' . . . and are the equivalent of money . . . and must be accepted by all banks and financial institutions

as payoff." (Doc. 1-1 at 10.)

These claims allegedly resulted in "loss of access to credit," "mental and emotional distress," "financial injuries," and "legal and regulatory injuries." (Doc. 1-1 at 6-7.) Lyons seeks monetary damages and an order requiring defendants "correct inaccuracies on [Lyons's] credit reports and cease all unlawful/illegal debt/loan collection activities." (Doc. 1-1 at 7.)

While the case was in state court, Lyons may have served Empire West Title Agency, LLC (Doc. 1-1 at 45), although that defendant has never appeared. An attorney filed an answer in state court on behalf of defendants Robert Anderson, Stanley Morris, and Moria Development Inc. (Doc. 1-1 at 31.) It is not clear whether defendants Leonard McDonald and Tiffany and Bosco were served while the case was in state court, but they filed a motion to dismiss in that court.[1] (Doc. 26.) Similarly, it is not clear whether defendants Aldecocea and Lakeview were served but Aldecocea removed the case to federal court. Aldecocea and Lakeview then filed a motion to dismiss.[2] (Doc. 1, 21.) Lyons never served MERS and Sean O'Neal, and they were dismissed based on that lack of service. (Doc. 27.)

**II. Analysis**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This does not require "detailed factual allegations," but does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

---

[1] This motion was filed in state court but was not part of the record filed in this court when the case was removed. (Doc. 24- at 2.) The motion was refiled on this court's docket. (Doc. 26.)
[2] Aldecocea and Lakeview filed a motion seeking leave to file an untimely reply in support of their motion to dismiss. (Doc. 34.) They explain the error was due to "an internal calendaring error." (Doc. 34 at 3.) Lyons did not respond to the motion and it is granted.

statements, do not suffice." *Id.*

Lyons is proceeding pro se, so the court has an "obligation . . . to construe the pleadings liberally and to afford [Lyons] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). "However, a liberal interpretation of a [pro se] . . . complaint may not supply essential elements of the claim that were not initially pled." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quotation marks and citation omitted).

### A. Motion to Dismiss by Aldecocea and Lakeview

Aldecocea and Lakeview argue the complaint does not provide sufficient factual allegations for them to present arguments regarding the viability of whatever claims or theories Lyons is attempting to pursue. They surmise there is some underlying loan that is the basis of Lyons's complaint, but they are not certain what loan that is. (Doc. 21 at 6.) Beyond pointing out the complaint's lack of factual allegations supporting any claim for relief, Aldecocea argues the court lacks personal jurisdiction over him as he has no contacts with Arizona.

In opposing the motion to dismiss Lyons argues he has a "common law land patent" that "precludes any foreclosure action." (Doc. 31 at 1.) Lyons lists various failings by Moria Development, Inc., and Peoples Mortgage Company, but he does not tie those failings to Aldecocea or Lakeview. Eventually Lyons argues Lakeview "has failed to produce the original promissory note with [Lyons's] wet ink signature." (Doc. 31 at 5.) Lyons then moves on to arguing MERS was involved in wrongdoing and lacks authority to act, again not linking that activity to Aldecocea or Lakeview. (Doc. 31 at 7-8.) Lyons does not address personal jurisdiction over Aldecocea.

Lyons's failure to respond to Aldecocea's personal jurisdiction argument requires the dismissal of Aldecocea. The complaint contains no allegations that Aldecocea has any connection to Arizona, let alone the "minimum contacts" necessary to support an exercise of personal jurisdiction. *Int'l Shoe Co. v Washington*, 626 U.S. 310, 315 (1945).

As for Lakeview, Lyons does not explain how his "common law land patent" is relevant to the federal claims listed in the complaint and it appears to be irrelevant. Instead

- 4 -

of the federal claims listed in the complaint, Lyons's opposition argues he is attempting to sue Lakeview under some theory involving Lakeview's alleged failure to produce the note with Lyons's "wet ink signature." There is no viable claim based on this assertion because "Arizona's non-judicial foreclosure statutes do not require the beneficiary to prove its authority or 'show the note' before the trustee may commence a non-judicial foreclosure." *Hogan v. Washington Mut. Bank, N.A.*, 277 P.3d 781, 782 (Ariz. 2012). Lyons's opposition also seems to argue some theory based on Lakeview's involvement with MERS. But Arizona law also does not forbid Lakeview working with MERS. *See Gardner v. Nationstar Mortg., LLC*, 258 F. Supp. 3d 956, 968 (D. Ariz. 2017) (Arizona law allows MERS to serve as beneficiary and assign its interest in deed of trust). Overall, neither the complaint nor Lyons's opposition provide any hint as to the basis for the claims in the complaint and the alternative legal theories in the opposition are foreclosed by existing law.

Lyons has not established the court has personal jurisdiction over Aldecocea nor has Lyons stated any claim against Lakeview. The motion to dismiss these two defendants is granted.

**B. Motion to Dismiss by McDonald and Tiffany and Bosco**

Like Aldecocea and Lakeview, McDonald and Tiffany and Bosco argue the complaint lacks sufficient facts to support any legal theory. Tiffany and Bosco cannot determine why it was named as a defendant as there are no allegations regarding its actions. McDonald argues the complaint appears to name him in his capacity as a trustee connected to a home loan given to Lyons. Assuming that was Lyons's intent, McDonald argues "Arizona law provides broad protection to trustees" such that all claims should be dismissed against him with prejudice.[3] (Doc. 26 at 3.)

Lyons's opposition to the motion to dismiss does not explain why he has named Tiffany and Bosco as a defendant, but it argues McDonald was sued because he was "acting as a Beneficiary/Trustee for the law firm that initiated foreclosure proceedings on

---

[3] Given the federal claims listed in the complaint, the immunity granted by Arizona law likely would not apply.

1   [Lyons's] property." (Doc. 32 at 1.) Lyons again argues his "common law land patent"
2   somehow precludes McDonald from taking any actions. (Doc. 32 at 3.) Lyons also argues
3   McDonald "lacks standing to foreclose on the property due to the failure to produce the
4   original promissory note." (Doc. 32 at 4.) Lyons does not connect any of these arguments
5   to the federal claims alleged in the complaint.

6   As already discussed in the context of Lakeview, Lyons's alleged "common law
7   land patent" does not support any claim and Arizona law does not require McDonald
8   produce "the original promissory note." All claims against McDonald and Tiffany and
9   Bosco are dismissed.

### C. Remaining Defendants

The motions to dismiss do not involve all remaining defendants but the complaint's deficiencies are the same regarding all defendants. In these circumstances, the court dismisses all claims against all defendants. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (dismissal appropriate against non-appearing parties where same arguments apply).

### D. Leave to Amend is Not Appropriate

Lyons has not previously amended his complaint, but his complaint contained no facts and cited to seemingly irrelevant federal statutes. In opposing the motions to dismiss Lyons relied on long-rejected legal theories that have no possibility of success. Given the legal theories Lyons wishes to pursue, "it is clear . . . the complaint could not be saved by any amendment." *Ctr. for Biological Diversity v. United States Forest Serv.*, 80 F.4th 943, 956 (9th Cir. 2023). Because amendment would be futile, the complaint is dismissed without leave to amend.

/
/
/
/
/

Accordingly,

**IT IS ORDERED** the Motions to Dismiss (Doc. 21, 26) are **GRANTED**. The Clerk of Court is directed to enter judgment in favor of all defendants and close this case.

**IT IS FURTHER ORDERED** the Motion to File Late Reply (Doc. 34) is **GRANTED**. The Clerk of Court shall file the lodged reply (Doc. 35).

Dated this 27th day of January, 2025.

                                                                    Honorable Krissa M. Lanham
                                                                    United States District Judge