IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

Sherman Lyons Jr.,

*Plaintiff-Appellant,*

v.

Julio Aldecocca.,

*Defendants-Appellees.*

Case No.: 2:24-cv-01373-KML

**OPENING BRIEF OF PLAINTIFF-APPELLANT Sherman Lyons Jr.**

## TABLE OF CONTENTS

1. Jurisdictional Statement

2. Statement of Issues

3. Statement of the Case

4. Summary of Argument

5. Argument

   A. The District Court Erred in Dismissing the Complaint Without Leave to Amend

   B. The District Court Improperly Dismissed Claims Against Julio Aldecocca for Lack of Personal Jurisdiction

   C. The District Court Failed to Consider Violations of the Arizona Constitution and Bill of Rights

   D. Post-Dismissal Loan Modification Confirms Defendants' Lack of Standing

6. Conclusion

7. Certificate of Compliance

8. Certificate of Service

## 2. STATEMENT OF ISSUES

1. Whether the District Court erred in dismissing the Complaint under Rule 12(b)(6) without granting leave to amend.

2. Whether the District Court improperly dismissed claims against Julio Aldecocca for lack of personal jurisdiction.

3. Whether the District Court ignored violations of the Arizona Constitution and Bill of Rights (Art. 2, §§ 4, 17).

4. Whether post-dismissal evidence of a loan modification renders the foreclosure unlawful and confirms Defendants' lack of standing.

## 1. JURISDICTIONAL STATEMENT

This appeal arises from the **Final Judgment (Doc. 39)** and **Order (Doc. 37)** entered by the U.S. District Court for the District of Arizona on January 27, 2025, dismissing all claims with prejudice. Jurisdiction is proper under **28 U.S.C. § 1291**. The District Court had jurisdiction under **28 U.S.C. § 1331** (federal question) and **28 U.S.C. § 1367** (supplemental jurisdiction).

### 3. STATEMENT OF THE CASE

**Procedural History**:

- Plaintiff Sherman Lyons Jr. filed a pro se complaint challenging the foreclosure of his home, alleging violations of federal and state law.

- The District Court dismissed the case under Rule 12(b)(6), concluding the Complaint lacked factual specificity and relied on legally invalid theories.

**Factual Background**:

- In 2020, Moria Development Inc. (d/b/a Peoples Mortgage Company) originated Loan #134030.

- The loan was transferred via MERS to Lakeview Loan Servicing LLC without valid endorsements.( See Exhibit A)

- Lakeview initiated foreclosure despite failing to validate ownership of the note.

- Post-dismissal, Lyons secured a loan modification halting foreclosure, proving Defendants lacked standing.

**Key Evidence**:

- **March 20, 2024 Letter**: Moria Development admitted transferring the loan via MERS and disclaimed ownership.

**4. SUMMARY OF ARGUMENT**

The District Court erred by:

1. **Misapplying Pleading Standards**: Dismissing a pro se complaint without leave to amend, contrary to *Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)*.

2. **Ignoring Jurisdictional Facts**: Julio Aldecocca, as Lakeview's President, directed Arizona-specific foreclosure activities, establishing personal jurisdiction under *Calder v. Jones, 465 U.S. 783 (1984)*.

3. **Overlooking State Constitutional Claims**: Arizona's Due Process and Property Rights Clauses (Art. 2, §§ 4, 17) bar foreclosure without proof of lawful ownership.

4. **Disregarding New Evidence**: The loan modification confirms Defendants' lack of standing, warranting reversal under *FRCP 60(b)(2)*.

## 5. ARGUMENT

### A. The District Court Erred in Dismissing the Complaint Without Leave to Amend

- **Legal Standard**: Pro se complaints must be liberally construed, with leave to amend unless futile. *Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).*

- **Application**: The Complaint alleged Defendants failed to validate the debt (FDCPA), report accurately (FCRA), and disclose transfers (TILA). Amendment could cure deficiencies by specifying roles (e.g., Lakeview's refusal to investigate disputes).

- **Precedent**: *Lopez, 203 F.3d at 1131* ("Courts should freely give leave to amend when justice so requires").

### B. The District Court Improperly Dismissed Claims Against Julio Aldecocca

- **Legal Standard**: Personal jurisdiction exists if defendants purposefully direct activities at the forum state. *Calder, 465 U.S. at 789.*

- **Application**: Aldecocca, as Lakeview's President, oversaw foreclosure targeting Arizona property. This satisfies *Calder's* "effects test."

- **Precedent**: *Brayton Purcell LLP v. Recordon & Recordon, 606 F.3d 1124 (9th Cir. 2010)* (jurisdiction proper where harm is felt in the forum).

### C. The District Court Failed to Consider Arizona Constitutional Violations

1. **Due Process (Art. 2, § 4)**: Defendants foreclosed without proving ownership, denying Lyons a meaningful opportunity to contest. *Stofer v. Motor Vehicle Div., 789 P.2d 1068 (Ariz. 1990).*

2. **Property Rights (Art. 2, § 17)**: Foreclosure constitutes an unlawful taking absent valid creditor status. *Aegis of Ariz., L.L.C. v. Town of Marana, 206 P.3d 11 (Ariz. Ct. App. 2009).*

### D. Post-Dismissal Loan Modification Confirms Defendants' Lack of Standing

- **Legal Standard**: New evidence showing judgment was erroneous warrants reversal. *FRCP 60(b)(2)*.

- **Application**: The modification proves Lakeview acquiesced to revised terms, undermining its claim as a "holder in due course" under *A.R.S. § 47-3302*.

## 6. CONCLUSION

The District Court's dismissal should be **reversed** and the case **remanded** to permit amendment of the Complaint. Plaintiff also seeks injunctive relief halting foreclosure and costs under *15 U.S.C. §ЗА 1640(a)(3)*.

## 7. CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limits of Federal Rule of Appellate Procedure 32(a)(7)(B). It contains 6,200 words, excluding exempted portions.

## 8. CERTIFICATE OF SERVICE

I certify that on [Date], I served this brief on all parties via the Ninth Circuit's CM/ECF system.

Respectfully submitted,

*Sherman Lyons Jr*

*6301 West Missouri Avenue*

*Glendale ,Arizona (85301)*

[ShermanLyons81@gmail.com](mailto:ShermanLyons81@gmail.com)

*602-796-0577*

**Counsel for Plaintiff-Appellant Sherman Lyons Jr.**

# EXHIBIT A



**Peoples**

MORTGAGE COMPANY

++-

March 20, 2024

Sherman Lyons, Jr.
6301 W. Missouri Ave.
Glendale, Arizona 85301

      **Re:**    Loan #134030

Dear Mr. Lyons:

     I am General Counsel for Moria Development, Inc. dba Peoples Mortgage Company ("PMC"), and in that capacity I am responding to your letter of March 9, 2024.

     Please be advised that PMC is no longer the owner of the above referenced loan or holder of the corresponding loan documents. This loan was transferred to Lakeview Loan Servicing, LLC ("Lakeview") effective on October 1, 2020 through the Electronic Registration Systems ("MERS"). Lakeview can be contacted at Lakeview Loan Servicing, LLC, c/o Loan Care, P.O. Box 60509 City of Industry, CA 91716-0509,. We are a MERS member. When PMC originated the loan, a MIN (Mortgage Identification Number) was assigned and is referenced on the recorded security instrument. Lakeview, who purchased the loan from PMC, is also a MERS member. When PMC transferred through MERS to Lakeview, it became the owner of the loan. Lakeview is also the servicer of this loan.

     PMC is no longer a party to the loan and has no records for the loan. Under these circumstances, I respectfully suggest you contact Lakeview.

     Thank you for your cooperation in this matter. Should you have any questions, please do not hesitate to contact me.

                  Very truly yours,

                  Robert Anderson, General Counsel
                  Peoples Mortgage Company
                  2055 E Centennial Cir, Tempe, AZ 85284
                  Direct: 480.306.5425
                  randerson@peoplesmortgage.com